[Cite as *State v. Hall*, 2017-Ohio-5805.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LEVI HALL | : | Case No. 16CA102 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. 2016-CR-0274




JUDGMENT:                            Reversed and Remanded




DATE OF JUDGMENT:                    July 11, 2017




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

BENJAMIN W. ZUSHIN                    JEFFEREY R. STIFFLER
38 South Park Street                  21 North Walnut Street
Mansfield, OH  44902                  Mansfield, OH  44902

*Wise, Earle, J.*

{¶1} Defendant-Appellant, Levi Hall, appeals the August 22, 2016 judgment of the Court of Common Pleas of Richland County, Ohio, denying his motion to suppress evidence. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶2} On February 3, 2016, Mansfield Police Officers were dispatched to the Cherry Hill area in Mansfield in response to a citizen's call of a suspicious person walking in the area. Upon arriving on the scene, Mansfield Police Sergeant Nelson Kilgore and Officer Matt Davis stopped appellant and his companion, Corey West. Sergeant Kilgore conducted a pat-down search for weapons of appellant's person. Sergeant Kilgore felt what he thought was a hypodermic needle in appellant's pocket. Appellant first gave Sergeant Kilgore consent to retrieve the item, then immediately rescinded the consent. Sergeant Kilgore asked appellant if the needle was capped and appellant answered in the affirmative.

{¶3} Sergeant Kilgore placed appellant under arrest for possession of drug paraphernalia and conducted a search incident to an arrest. Sergeant Kilgore retrieved heroin and cocaine from appellant's person.

{¶4} On May 5, 2016, the Richland County Grand Jury indicted appellant on two counts of possession of controlled substances (heroin and cocaine) in violation of R.C. 2925.11. On July 25, 2016, appellant filed a motion to suppress, claiming an illegal search of his person. A hearing was held on August 10, 2016. By judgment entry filed August 22, 2016, the trial court denied the motion.

{¶5} On December 7, 2016, appellant pled no contest to the charges. By sentencing entry filed December 9, 2016, the trial court found appellant guilty and sentenced him to two years of community control.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS, THEREBY VIOLATING THE DEFENDANT'S RIGHTS AGAINST UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION."

II

{¶8} "THE APPELLANT WAS DEPRIVED [OF] HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AT THE TRIAL LEVEL."

I

{¶9} In his first assignment of error, appellant claims the trial court erred in denying his motion to suppress. We agree.

{¶10} As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the

trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶11} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶12} In *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus.

{¶13} During the suppression hearing, the trial court heard from Sergeant Kilgore and Officer Davis. Sergeant Kilgore testified on February 3, 2016, a citizen called the police to describe a "white male, gray jacket and blue jeans" that was observed "pacing back, appeared as if he was waiting on someone. Their terms were, it appeared as if he was waiting on someone to buy drugs." August 10, 2016 T. at 5-6. Sergeant Kilgore did not "find anything on the street that we initially got called out on," but as he was driving past Plainview, he "looked down the street and observed a male matching that description." *Id.* at 6. The distance from the call location to Plainview was a walkable distance during the time the police were responding. *Id.* at 7. Because the area had a prominent neighborhood watch group, Sergeant Kilgore "felt he had a duty to at least check the individual." *Id.* The individual matching the description was Corey West, who was walking in the lane of traffic with appellant. *Id.* at 8. Sergeant Kilgore could have issued them a citation for jaywalking, but chose not to do so. *Id.* at 11. Sergeant Kilgore's initial reaction was to identify the individuals and conduct a pat-down search for weapons. *Id.* at 9, 12. Sergeant Kilgore explained "[w]e normally do conduct a pat down on everyone we come into contact with." *Id.* at 21. He also explained, "normally with drug use or drug sales, it is common to find individuals with some sort of weapon, whether it be a knife, gun, lots of needles." T. at 12. In his career, he has seen weapons and drugs together sixty to seventy-five percent of the time. *Id.* During the pat-down of appellant, Sergeant Kilgore "felt something in his pocket that was, to me, felt like it was very consistent with a hypodermic needle." *Id.* at 9. Sergeant Kilgore asked appellant if he could retrieve the item, and he said yes, then immediately rescinded the consent. *Id.* at 10. Sergeant Kilgore asked appellant if the

needle was capped and appellant answered in the affirmative. *Id.* At that point, Sergeant Kilgore placed appellant in handcuffs and conducted a search of his person incident to an arrest. *Id.* Sergeant Kilgore discovered heroin and cocaine on appellant. *Id.* Other than the citizen's telephone call, Sergeant Kilgore admitted there was nothing about appellant that made him look suspicious or that he was up to no good. *Id.* at 20-21. He had no reason to believe appellant had drugs and/or weapons. *Id.* at 21. He stated the area was not a necessarily high area for drug activity, but he had made many arrests for drugs in that area prior to the date in question. *Id.* at 22.

{¶14} Officer Davis testified although he was first on the scene, Sergeant Kilgore took over after he arrived and Officer Davis was only there for officer safety purposes. *Id.* at 43. He did not pat-down anyone or radio dispatch about anyone. *Id.* Officer Davis corroborated that the individuals were walking in the roadway. *Id.* at 44. Officer Davis stated the initial reason for why they looked suspicious was the citizen's call, "but the probable cause is because they were walking in the roadway." *Id.* Officer Davis stated he does not always conduct pat-downs for officer safety when he stops people for walking in the roadway. *Id.* at 47. He normally will not do a pat-down for jaywalking unless he has consent. *Id.* at 48.

{¶15} In denying the motion to suppress, the trial court stated on the record: "As they [the officers] approached these people they could see these people were both walking in the road which was a violation of law. That gave them basis to head that way, but also to stop those people specifically, and that permitted them to do a pat down." *Id.* at 63.

{¶16} As the *Terry, supra,* court held at 30:

We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

{¶17} The citizen's call came in for an individual matching the description of Mr. West. Appellant was not mentioned or identified in the telephone call. Upon stopping both Mr. West and appellant, Sergeant Kilgore admitted he had no reason to be suspicious of appellant. He agreed he did not have any reason to suspect appellant of having drugs and/or weapons. There is nothing in the record to establish the police officers observed unusual conduct leading them to reasonably conclude in light of their experience that the individuals they were dealing with may be armed and dangerous. Sergeant Kilgore explained he normally conducted a pat-down on everyone he comes into contact with, even if the individual does not look armed and dangerous. Sergeant Kilgore was not alone with the two individuals, as Officer Davis testified he remained on the scene for officer safety.

{¶18}  Upon review, we find the facts do not support a reasonable specific and articulable suspicion that appellant was armed and dangerous justifying the need for a pat-down/weapons check for officer safety.  The answer to the question about the capping of the needle was tainted by the improper pat-down search.  We find the trial court erred in denying the motion to suppress.

{¶19}  Assignment of Error I is granted.  Assignment of Error II is moot.

{¶20}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Delaney, P.J. and

Hoffman, J. concur.

EEW/sg 608